The Honorable Fay W. Boozman, III State Senator 2901 Honeysuckle Lane Rogers, Arkansas 72758
Dear Senator Boozman:
This opinion is being issued in response to your recent question regarding the jurisdiction of quorum courts over state-owned water that is located on a federal impoundment. You note that you are specifically interested in the authority of the Benton County and Washington County quorum courts to regulate activities on Beaver Lake. Your specific question is:
 Can a quorum court pass ordinances which regulate activities on state-owned water that is located on a federal impoundment?
The answer to your question will depend upon the particular activity that these quorum courts are attempting to regulate. Because I have not been apprised of any specific activities that may have given rise to your question, I am unable to opine definitively in response to your question. However, it is my opinion generally that county quorum courts can regulate activities on state-owned water that is located on a federal impoundment, provided that such regulations are not contrary to any state or federal laws or regulations.
Counties, acting through their quorum courts, have the authority to enact any legislation that is not prohibited by or contrary to state law. Arkansas Constitution, Amendment 55; A.C.A. § 14-14-801; A.C.A. §14-14-501. Similarly, under the Supremacy Clause of the United States Constitution, U.S. Const., art. 6, § 2, the counties' regulations must also be compatible with any applicable federal laws or regulations.
No provision of state law expressly or generally prohibits counties from regulating activities on state-owned water. However, certain activities on state-owned waters — even waters located on federally-controlled impoundments — are specifically regulated by the state;[1] therefore, the counties would be prohibited from enacting ordinances that are contrary to those state regulations.
For example, state law expressly prohibits the possession of certain firearms under certain conditions in various areas of Beaver Lake. A.C.A. § 5-73-127. The counties therefore cannot enact legislation that permits the possession of those firearms in those areas. Various state agencies, such as the Arkansas Waterways Commission, A.C.A. § 15-23-201et seq., the Arkansas Game and Fish Commission, Ark. Const., Am. 35; A.C.A. § 27-101-107, and the Arkansas Natural and Scenic Rivers Commission, A.C.A. § 15-23-301 et seq., among many others, have the authority to regulate various types of activities that might take place on state-owned waters. The extent of their authority in this realm depends upon the type of activity being conducted. Any legislation that is enacted by the counties for the purpose of regulating activities on state-owned waters must be compatible with these various state regulations.
If neither the state nor any of its agencies, nor the federal government, has enacted any regulation of the activities in question, it is my opinion that the counties, under the default authority granted in Amendment 55 and in A.C.A. § 14-14-801 and -501, may regulate the activities.
As indicated previously, because I am unaware of the particular activities that gave rise to your question, I am unable to opine conclusively as to whether the counties may regulate such activities. It will be necessary to evaluate the particular activities in light of any regulations that may have been enacted by the state or any of its agencies, and in light of any applicaple federal laws or regulations.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The state's ability to engage in such regulation is not diminished by the fact that the water in question may be located on a federally-controlled impoundment. See, e.g., A.C.A. § 27-101-107.